## DAN METZ v. STATE.

No. A-4684. Opinion Filed March 21, 1925.
(233 Pac. 1099.)

(Syllabus.)

1. **Appeal and Error—Attempted Impeachment of Witness—Substantial Error.** There was no substantial error committed in the attempted impeachment of a witness for the accused.

2.    New Trial—Refusal of New Trial Because of Statement by State's Witness after Trial not Error. The court committed no error in refusing a new trial because a witness for the state, after the trial, stated that his testimony at the trial might have been incorrect in relation to incidents of minor importance.

3.    Appeal and Error—Examination of Whole Record to Determine When Judgment Rendered. This court will examine the whole record to determine whether a judgment in the trial court was made and entered during the term.

Appeal from County Court, Caddo County; R. L. Lawrence, Judge.

Dan Metz was convicted of the illegal transportation of intoxicating liquor, and he appeals. Affirmed.

Morgan & Osmond, for plaintiff in error.

The Attorney General and C. H. Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J.    Plaintiff in error, Dan Metz, for convenience herein referred to as the defendant, was by information charged with the unlawful transportation of one-half gallon of whisky from a point unknown within the state of Oklahoma to a designated place in a building in Anadarko.    After trial to a jury, in which he was found guilty, the court rendered judgment on the verdict, fixing the defendant's punishment at confinement in the county jail for a period of 60 days and to pay a fine of $100.

Defendant complains of certain alleged incompetent testimony admitted over his objection to his prejudice. The matters complained of were brought out on cross-examination of a witness for the defendant, in which the state sought to impeach the testimony of said witness. One of the questions propounded to him was, "At that time you owned a still, did you not?" The witness denied that he owned a still, but admitted that he had purchased from a mail order house a copper vessel which could be

converted into a cooker and used as a part of a still if the other necessary appliances were attached; witness denied, however, that he had so used it, or that he had ever made any whisky.

The latitude given the county attorney in his cross-examination of this witness may have been excessive. However that may be, the state was bound by the answer of the witness, and under the circumstances the attempt to impeach the witness was harmless.

It is next urged that the evidence is insufficient to support the verdict. If the evidence of two of the state's witnesses is to be believed, defendant is guilty. As this court has so often held, where the evidence is conflicting the weight of the evidence and the credibility of the witnesses are considerations for the jury.

It is claimed that the court erred in refusing to grant a new trial for the reason that one of the state's witnesses made statements after the trial to the effect that he might have been mistaken about some of the incidents related in his testimony. An examination of the record discloses that the incidents about which he was in doubt were of little consequence, such as would not likely affect the verdict on a retrial of the cause.

The defendant claims that the journal entry of the judgment shows that it was rendered at the January term of the court; that the January term, by operation of law, had expired, and that the court was therefore without jurisdiction to render the judgment. An examination of the whole record satisfies this court that the statement in the journal entry was inadvertently made and is merely a clerical error. Other portions of the record show that the trial began, that the evidence was heard, the verdict rendered, the judgment pronounced at the April term of court.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.